

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | | |
|---|---|---|
| *Zach Intrater*<br>*Assistant United States Attorney* | *970 Broad Street, Suite 700*<br>*Newark, NJ 07102* | *(973) 645-2728*<br>*Facsimile (973) 645-2857* |

February 4, 2011

Honorable Claire C. Cecchi
United States Magistrate Judge
Martin Luther King, Jr. United States Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *United States v. Andrew Auernheimer*, Mag. No. 11-4022 (CCC)

Dear Judge Cecchi:

      The Government writes to address an issue relating to the Speedy Trial Act in this case.

      On January 18, 2011, defendant Auernheimer was arrested in the Western District of Arkansas, having been charged in a two-count complaint with conspiracy to access a computer without authorization and with fraud in connection with personal information. Defendant Auernheimer had his initial appearance before a Magistrate Judge in the Western District of Arkansas that day.

      On January 21, 2011, defendant Auernheimer again appeared in court in the Western District of Arkansas, and, pursuant to Rule 5(c)(2) of the Federal Rules of Criminal Procedure, the Court ordered the United States Marshal's Service to transport defendant Auernheimer to the District of New Jersey.[1]

---

[1] It is the Government's understanding that defendant Auernheimer is still in Arkansas. The Government has spoken with representatives of the United States Marshal's Service on several occasions to determine when defendant Auernheimer will be transported to New Jersey. In the most recent conversation, on February 4, 2011, the Marshal's Service indicated that because of extraordinarily bad weather, including multiple snow and ice storms across the Midwest, there have been no prisoner transfers into or out of Arkansas for the past two weeks. The Marshal's Service confirmed, though, that defendant Auernheimer is on the list of prisoners to be transferred and should be on the first prisoner transport that leaves Arkansas.

The Speedy Trial Act explicitly excludes the first tens days after such an order is entered from the time within which an information or indictment must be filed. See 18 U.S.C. § 3161(h)(1)(F) (providing that one of the "periods of delay" that "shall be excluded in computing the time within which an information or an indictment must be filed" is "delay resulting from transportation of any defendant from another district . . . except that any time consumed in excess of ten days from the days from the date [of] an order of removal . . . and the defendant's arrival at the destination shall be presumed to be unreasonable."). See also, e.g., United States v. Noone, 913 F.2d 20, 25-26 (1st Cir. 1990); United States v. Castle, 906 F.2d 134, 138 (5th Cir. 1990); United States v. Lewis, 484 F. Supp. 2d 380, 387-88 (W.D. Pa. 2007); United States v. Williamson, 409 F. Supp. 2d 1105, 1106-07 (N.D. Iowa 2006).

The Government and the defense have jointly concluded that the ten days beginning January 22, 2011 through and including January 31, 2011 should be excluded pursuant to section (h)(1)(F) of the Speedy Trial Act. The Government has submitted, along with this letter, a proposed Order to this effect.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By:  Lee Vartan
     Zach Intrater
Assistant United States Attorneys

cc:     Candace Hom, Esq. (via ECF)